1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

9
10

William and Amy Little,

11

Plaintiff,

12

v.

13

Edward Wolff & Associates LLC,

14

15

Defendant.

16

CASE NO.

COMPLAINT FOR DAMAGES
PURSUANT TO THE FAIR DEBT
COLLECTION PRACTICES ACT, 15
U.S.C. § 1692, ET SEQ.

**JURY TRIAL DEMANDED**

17
18
19
20
21
22
23
24
25
26
27
28

1

**INTRODUCTION**

2    Plaintiffs AMY LITTLE ("Mrs. Little") and WILLIAM LITTLE ("Mr.

3 Little") (or jointly referred to as "Plaintiffs"), alleges the following upon

4 information and belief based upon personal knowledge:

5

**NATURE OF THE CASE**

6    1.    The United States Congress has found abundant evidence of the use

7 of abusive, deceptive, and unfair debt collection practices by many debt collectors,

8 and has determined that abusive debt collection practices contribute to a number of

9 personal bankruptcies, marital instability, loss of jobs, and often an invasion of

10 individual privacy.

11    2.    Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§

12 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices

13 by debt collectors, to ensure that those debt collectors who refrain from using

14 abusive debt collection practices are not competitively disadvantaged, and to

15 promote consistent State action to protect consumers against debt collection

16 abuses.

17    3.    Plaintiffs bring this action seeking damages and any other available

18 legal or equitable remedies resulting from the illegal actions of Defendant,

19 EDWARD WOLFF & ASSOCIATES LLC ("Defendant" or "Edward Wolff"), in

20 negligently, knowingly, and/or willfully making material misrepresentations to

21 Plaintiff, among other abusive acts, in violation of the FDCPA.

22    4.    While many violations are described below with specificity, this

23 Complaint alleges violations of the statute cited in its entirety.

24    5.    Unless otherwise stated, all of the conduct engaged in by Defendant

25 took place in Washington.

26    6.    Any violations by Defendant were knowing, willful, and intentional,

27 and Defendant did not maintain procedures reasonably adapted to avoid any such

28 violations.

1

1    7.    Unless otherwise indicated, the use of Defendant's name in this

2    Complaint includes all agents, employees, officers, members, directors, heirs,

3    successors, assigns, principals, trustees, sureties, subrogees, representatives, and

4    insurers of Defendant.

5

6                           **JURISDICTION & VENUE**

7    8.    This Court has federal question jurisdiction over this matter because

8    this action arises out of violations of the Fair Debt Collection Practices Act, 15

9    U.S.C. §§ 1692, *et seq.*, which is a federal statute.

10   9.    This Court has personal jurisdiction over Defendant because

11   Defendant conducts substantial business within this judicial district. Thus,

12   Defendant has sufficient minimum contacts within this State and district, and

13   otherwise purposefully avails itself of the markets in this State to render the

14   exercise of jurisdiction by this Court permissible under traditional notions of fair

15   play and substantial justice.

16   10.   Venue is proper in the United States District Court for the District of

17   Western Washington, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a

18   substantial part of the events or omissions giving rise to the claims asserted herein

19   occurred within this judicial district; and (2) Defendant is subject to personal

20   jurisdiction by this Court because Defendant conducts business in the State of

     Washington and regularly conducts business within this judicial district.

21                                **PARTIES**

22   11.   Plaintiffs are married natural persons residing in the State of

23   Washington, and both are a "consumer" as defined by the FDCPA, 15 U.S.C.

24   §1692a(3).

25   12.   At all relevant times herein, Defendant was a collection agency

26   engaged, by use of the mails and telephone, in the business of collecting a "debt"

27   from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to

28   collect debts alleged to be due and attempted to collect an alleged debt due by

1   Plaintiff, and is therefore a "debt collector" as defined by the FDCPA, 15 U.S.C.

2   §1692a(6).

3       13.    This case involves money, property or their equivalent, due or owing

4   or alleged to be due or owing from a natural person by reason of a consumer credit

5   transaction. As such, this action arises out of a "consumer debt" and "consumer

6   credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

7                           **FACTUAL ALLEGATIONS**

8       14.    In approximately June 2019, Plaintiffs allegedly incurred certain

9   financial obligations relating to the installation of a door on their home.

10      15.    These alleged financial obligations were money, property, or their

11  equivalent, for personal, family and/or household purposes, which is due or owing,

12  or alleged to be due or owing, from a natural person to another person and were

13  therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

14      16.    Sometime thereafter, and due to a dispute regarding the services,

15  provided, Mrs. Little allegedly fell behind in the payments allegedly owed on the

16  alleged debt.

17      17.    Mrs. Little disputes the validity of her alleged debt due to the original

18  creditor's failure to deliver the correct door, which was the subject of the financial

19  obligation.

20      18.    Subsequently, but sometime prior to September 2020, the alleged debt

21  was assigned, placed, or otherwise transferred, to Defendant for collection.

22      19.    On or around December 7, 2020 Defendant's representative Joseph

23  Carter called Mr. Little in an attempt to collect on the alleged debt from the

24  telephone number (206) 954-0720.

25      20.    Mr. Little is informed and believes the telephone number (206) 954-

26  0720 belongs to Defendant because Mr. Carter identified himself as a representative

27  of Defendant on the December 7, 2020 phone call.

28      21.    On or about December 23, 2020 was also contacted by Defendant from

    the number (214) 612-7559.

22.     Plaintiffs are informed and believe that this call was from Defendant because Defendant called Mrs. Little from the same (214) 612-7559 number previously and left a voicemail on Mrs. Little's phone on or about September 29, 2020. On the September 29, 2020 voicemail, the caller represented they were calling from "Edward Wolff & Associates" and calling about an urgent matter.

23.     At several points in time between September 2020-December 2020 Defendant contacted both Mrs. Little and Mr. Little via text message from the number (214) 935-3827 the ("3827 Number") attempting to collect an alleged debt allegedly owed by Plaintiffs.

24.     The purpose of the text messages from Defendant at the 3827 Number was clearly to attempt to collect a debt from Plaintiffs.

25.     Defendant sent the following text messages to Mr. Little from the 3827 number between September 2020 and December 2020 in an attempt to collect the alleged debt:

a. I will let Boulders Ridge Sash & Doors know they will have to file suit due to your silence

b. Is it safe to assume my client will have to file suit to address this matter due to your silence?

c. Why won't you be fair about this?

d. Are you trying to tell me the only way to discuss this further is in front of a judge?

e. I will let my client know you intend on withholding the money we both know you owe…

f. Thanks…I will let my client know that you refuse to pay and to come get all of their belongings back

g. The courts will be able to see that you flat ignored every opportunity to make this right…and you chose to be unprofessional and take things that do not belong to you or your broke wife

h. You should think smarter about this. I cannot wait to see the look on your face…

i. Balances 15 days past due are subject to a $15 minimum and 1.5% per month

j. You are about to waste so much time and money cause you are less than reasonable

k. (to Plaintiff Amy Little) I will let my client know that they will have to file suite, I see you like to play games

l. [S]o you fell [sic] you can just ignore this matter. Okay I will let my client know that you have zero intentions of working this out and you should be handled as such

m. Just tell the truth…you are refusing to pay

n. Bill will you speak with me regarding Boulder Ridge Sash and Doors or are you just planning on keeping the money you owe them

26.     The text messages above lettered "a, b, d, g, k" violate 15 U.S.C. §§ 1692e(5) and 1692e(10) because those text messages threaten actions against Plaintiff that Defendant cannot legally take and/or does not intend to take. The text messages are also misleading. Specifically, these messages threaten a lawsuit against Plaintiffs, which has not been filed to this day. Therefore, it is clear that Defendant did not intend on filing a lawsuit against Plaintiffs.

27.     Additionally, the text message above lettered "f" is a threat by Defendant to take Plaintiff's *installed* door.  Even if Defendant were entitled to take the door (which it is not), Defendant could not legally repossess Plaintiffs' door, leaving a giant hole in Plaintiffs' home. Therefore defendant violated 15 U.S.C. §§ 1692e(5) and 1692e(10).

COMPLAINT FOR DAMAGES                                      *Little v. Edward Wolff & Associates, LLC*

28.     The text message lettered "i" violates 15 U.S.C. § 1692f(1) as Defendant did not provide a basis for charging a $15 fee and 1.5% interest per month. Therefore, Plaintiff is informed and believes these charges are not expressly authorized by law or by agreement.

29.     On or about October 28, 2020, Defendant's representative called Mr. Little. On this phone call, Defendant's representative told Mr. Little that Plaintiffs needed to either pay the money owed to the original creditor or Defendant's would take Plaintiffs' door.   After this call finished, Defendant's representative called back Mr. Little again, less than a minute later, to attempt to collect the debt.

30.     All of the text messages and phone calls taken in their entirety violate 15 U.S.C. § 1692d and 1692f as they are harassing, oppressive, unconscionable, and unfair.   Additionally, the text message lettered "g" is harassing as Defendant's representative refers to Mrs. Little as Mr. Little's "broke wife".

31.     In response to many of the contacts from the Defendant, Plaintiffs advised Defendant to stop contacting Plaintiffs, but Defendant persisted nonetheless.

32.     Defendant even contacted Plaintiffs on several occasions before 8AM in violation of 15 U.S.C.§1692c(a)(1).

33.     As a result of Defendant's representative's abusive behavior, Defendant's conduct had the natural consequence of which is to harass, oppress, and abuse the Plaintiffs in violation 15 U.S.C. §§ 1692d and 1692d(2).

34.     As a result of Defendant's false threat to serve a lawsuit upon Plaintiff, Defendant violated 15 U.S.C.  §§ 1692e, 1692e(5), 1692e(10), and 1692f.

35.     As a result of Defendant continuing to contact Plaintiffs after Plaintiffs told Defendant to stop contacting Plaintiffs, Defendant violated 15 U.S.C. § 1692c(c).

36.     Further, Defendant is not a licensed collection agency in the State of Washington.

37.    Under Washington law, Defendant is required to have a license to collect debts in the State of Washington.

38.    By operating as a collection agency without a license, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(1) by attempting to collect a debt when Defendant was not legally authorized to do so.

39.    By engaging, either directly or indirectly, in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, in the State of Washington, without first obtaining a license, Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(1) by attempting to collect a debt when Defendant was not legally authorized to do so.

40.    By attempting to collect the alleged debt from the Plaintiffs, Defendant falsely represented the legal status of the debt collector and used deceptive means to imply that Plaintiffs were obligated to pay the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

41.    By attempting to collect the alleged debt from the Plaintiffs, Defendant acted in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

42.    As a result of Defendant's conduct set forth above, Plaintiffs suffered damages in the form of mental anguish and emotional distress, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,

### 15 U.S.C §§ 1692, *ET SEQ.*

43.   Plaintiffs hereby incorporate the preceding paragraphs as if set forth in full.

44.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

45. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

46. Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs the following relief against Defendant:

## COUNT I:

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.*

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. an award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;

3. an award of reasonable attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1692k(a)(3); and

4. any other such relief as this Court may deem necessary, just, and proper.

///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES                                        *Little v. Edward Wolff & Associates, LLC*

1

## TRIAL BY JURY

2        Pursuant to the seventh amendment to the Constitution of the United States

3  of America, Plaintiffs are entitled to, and hereby demand, a trial by jury.

4

5        Respectfully submitted,

6                                **Kazerouni Law Group**

7

8  Date: February 23, 2021         By: *__/s/ Ryan L. McBride__*

9                             Ryan L. McBride, Esq.
Attorneys for Plaintiff

10

11                            ryan@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff